JOHN T. SNELSON, PLAINTIFF *v.* W. L. PICKARD, RESPONDENT, JAMES A. WILLIAMS, APPELLANT.

*When Attorney Not Amenable to Summary Process—Jurisdiction of District Court.*

> The lower court, after judgment, made an order directing defendant to turn over certain stock to a referee, in satisfaction of plaintiff's demand. This order was not complied with, but under an arrangement between the parties, different from the terms of the order, defendant subsequently delivered stock to plaintiff's attorney who disposed of the same. Thereafter defendant demanded the stock of W., the attorney, and, upon refusal, obtained an order requiring him to show cause why he should not be compelled to return the stock and dividends. Upon the hearing an order was made requiring W. to deliver the stock to defendant. W. appealed.

> *Held,* That the original order of the lower court imposed no duty upon W., and he could not be held amenable in the premises to the summary order of the court; that the defendant's only remedy, if W. disposed of the stock in violation of said arrangement, is an action for damages.

> *Held,* Further, that the lower court acted without jurisdiction in making the order appealed from.

(Decided February 14, 1899.)

Appeal from the Third District Court Salt Lake County, Hon. Ogden Hiles, *Judge.*

In the court below a final order was entered requiring W., not a party to the action, to do certain things. Objections were made to the jurisdiction of the court, but the objections were overruled and the order entered. From that order W. appeals. Order of the lower court vacated.

*Messrs. Anderson & Anderson* and *D. N. Straup, Esq.*, for appellants.

Even under statutes where special proceedings of summary nature are expressly provided for, the court cannot exercise said powers in a controversy where the act required to be done was refused in good faith, but the party is left to assert his title or rights in an appropriate form of action. *Wilson* v. *Broder*, 10 Cal. 486.

While the court can exercise said jurisdiction for purposes of disbarment for any sufficient wrong or unprofessional conduct, he cannot exercise summary power in behalf of any third person, except a client of the attorney, who has been wronged. *Burns* v. *Allen*, 2 Am. St. Rep. 844. Notes pages 847 to 862.

The relation of attorney and client is an essential and necessary factor to the exercise of such power in behalf of some third person. Matter of Attorney, 63 How. Pr., 152 and cases cited above; 3 A. & E. Enc. Law (2d ed.), 412; *People* v. *Appleton*, 105 Ill. 474 (44 Am. Rep. 812).

Because of prejudice or want of understanding, litigants generally claim the opposing counsel has not treated them justly, and if the court, basing its right to act on such claims, shall summarily deal with attorneys, there would be few cases tried where opposing counsel would not be ruled in and ordered to show cause why he should not go to jail.

*Frank Hoffman, Esq.*, for respondent.

BASKIN, J.

It appears from the record that in the case of *John T. Snelson* v. *W. L. Pickard*, on motion of James A.

Williams, who was the attorney of plaintiff, an order was entered on the 25th day of July, 1894, in the Third District Court, in said case which was then pending, ordering the defendant W. L. Pickard to turn over to George Westervelt, referee, one hundred shares of Alice mining stock, on or before July 27, 1894, said stock to be held by said referee in satisfaction of a judgment in said case against said Pickard, and until further order of the court. Said stock was not turned over to the referee as directed in said order, but three days after the expiration of the time mentioned in said order, according to the statements made by Pickard in his affidavit set out in the record, at the earnest solicitation of Williams, said stock was delivered to him by Pickard, to be retained until the termination of said action, by the said Williams as attorney for plaintiff, simply for security, and for no other purpose. As the client of Williams and the defendant Pickard were the only parties interested there was nothing to prevent the attorney in the case and Pickard from making an arrangement for disposing of the stock, different from that directed by the order, without applying to the court, and any such arrangement would be as binding upon the parties as any other contract which they might enter into, and for any breach of which an action for the recovery of damages would lie. Mr. Williams admits that he received the stock from the defendant Pickard, and alleges in his affidavit that soon after the stock was turned over to him, and after inquiring and learning that its value was about twenty-five cents per share, he went to the office of Pickard and said to him "that he could find no sale for the stock, and that he did not want to pay any money out to have the same sold at public sale; that he would watch his opportunity and see if he could find a private sale for it; that Pickard said he did not care how it was sold; that

it was all the property he had that could be applied on said judgment, and that plaintiff could have the stock and do what he pleased with it;" * * * "that after keeping the stock in his safe two years he (Williams) sold the same to Sharp Walker for twenty-five dollars, its fair value on the open market."

Sharp Walker in his affidavit states "that a few days after the purchase of said stock he went to W. L. Pickard and told him that he had bought said stock from Williams, and that the said Pickard consented to the same and made no claim whatever for said stock, or any objection to the sale; * * ·* that no dividends were paid on the stock while the same was in the possession of Williams."

Mr. Walker, on oral examination, testified, "that soon after he had bought said stock he had told Pickard he had bought it; that Pickard did not object to the sale and laid no claim to the stock at that time; that within thirty days a dividend was paid on the stock; that the stock not having been transferred on the books of the company he went to Pickard and got him to sign over the dividend slips so that witness could draw the dividends."

The statements of Mr. Walker, before quoted, were not denied by Mr. Pickard, although he filed an affidavit in which he denied the statements of Mr. Williams.

Considering the statements of Mr. Pickard, Williams and Walker, together, there is no doubt but that there was an arrangement between Williams and Pickard, under which said stock was to be held and disposed of, and that the order of the court was entirely ignored by the parties. The record shows that the market price of the stock went up shortly after the sale to Walker.

Several months after the sale, Pickard demanded said stock of Williams, and upon refusal or neglect of Williams to redeliver the same, Pickard, upon affidavit, obtained an

order requiring Williams to show cause, before the Third District Court, why a peremptory order should not be made requiring him to deliver to said W. L. Pickard, one hundred shares of the stock of the Alice Mining Company, together with twenty dollars, the amount of the dividends earned by said stock since the 30th day of July, 1894. On the final hearing, Williams was, by the order of the court, required to deliver said stock to the defendant W. L. Pickard, and from this order Williams has appealed to this court.

At the trial in the court below, objection was made by appellant's counsel, to the jurisdiction of the court, and the action of the court in overruling the objection is assigned as error.

The order of the district court made on July 25th, 1894, required Pickard to turn over the stock to George Westervelt, referee, on or before the 27th day of July, 1894, to be held for a satisfaction of a judgment against Pickard. Pickard did not obey this order, but after the time had expired for doing so, he delivered the same to Williams subject to conditions essentially different from those contained in the order of the court. Williams acted, simply, as an agent of his client in the matter. The order did not direct the stock to be delivered to him, nor did it impose upon him the performance of any duty or make him a trustee, and for that reason he could not violate the order, or be held amenable in the premises by the summary process of the court. Having received the stock under an arrangement with Pickard, different in its conditions from the order of the court, Pickard's only remedy for a breach of these conditions, would be an action for damages against the plaintiff. Perhaps such action might lie against both plaintiff and Williams.

The lower court, in making the final order appealed

from, acted without jurisdiction in the premises, and it is therefore adjudged by this court that the said order be, and the same is hereby vacated, and that the appellant recover his costs in the premises.

BARTCH, C. J. and MINER, J., concur.